UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DONNELL WESTBROOKS,

                              Plaintiff,

                -against-

Police Officer JESSICA BARANEK, Shield No. 24061; Police Officer ARIF TASOREN, Shield No. 31331; Sergeant SEAN DOWNES, Shield No. 3978; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 6630 (MKB)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Donnell Westbrooks ("plaintiff" or "Mr. Westbrooks") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Jessica Baranek, Shield No. 24061 ("Baranek"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Baranek is sued in her individual and official capacities.

8. Defendant Police Officer Arif Tasoren, Shield No. 31331 ("Tasoren"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tasoren is sued in his individual and official capacities.

9. Defendant Sergeant Sean Downes, Shield No. 3978 ("Downes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Downes is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 1:45 a.m. on January 17, 2014, Mr. Westbrooks was lawfully operating his vehicle in the vicinity of Euclid and Belmont Avenues in Brooklyn, New York.

14. Defendants pulled Mr. Westbrooks over without probable cause or reasonable suspicion to believe he had committed any crime or offense.

15. Defendants approached Mr. Westbrooks vehicle and demanded his driver's license, insurance and registration documentation.

16. Mr. Westbrooks complied and asked defendants why he was stopped.

17. Defendants walked away from the vehicle without responding to plaintiff's question.

18. As defendants were apparently writing out a ticket, Mr. Westbrooks asked why he was being ticketed.

19. Defendants then approached the vehicle, ordered Mr. Westbrooks out of the car and told him to sit on the back bumper of his car.

20. Mr. Westbrooks again asked what was going on, to which defendants

responded by yanking him violently up off of the bumper and tightly handcuffing him.

21. A defendant officer violently kicked Mr. Westbrooks in his knee causing him to fall to the ground.

22. Defendants put Mr. Westbrooks in a headlock.

23. Defendants violently kicked Mr. Westbrooks, including in his face, as he lay on the ground.

24. As a result of the injuries he sustained, Mr. Westbrooks was taken to Brookdale Hospital Medical Center for treatment.

25. Plaintiff was treated for his injuries and then taken to a police precinct.

26. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, *inter alia*, in possession of marijuana, obstruct governmental administration and resist arrest, and prepared false paperwork.

27. At no point did the officers observe Mr. Westbrooks commit a crime or offense.

28. Plaintiff was taken to Brooklyn Central Booking where he was arraigned and released on his own recognizance after approximately eighteen hours in custody.

29. After returning to criminal court on multiple occasions, Mr. Westbrooks reluctantly accepted an adjournment in contemplation of dismissal.

30. Mr. Westbrook suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: June 8, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*